56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carl REISINGER, Plaintiff-Appellant,
v.
Loran W. ROBBINS, Marion M. Winstead, Robert C. Sansone,
Jerry R. Cook, Howard McDougall, Robert J. Baker, R.V.
Pulliam, Sr., Arthur H. Bunte, Trustees, and Central States,
Southeast and Southwest Areas Pension Fund, Defendants-Appellees.
 No. 94-3453.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 Before: KENNEDY, SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Carl Reisinger appeals the judgment of the district court sustaining defendants' motion for summary judgment, overruling plaintiff's motions for relief pursuant to Fed. R. Civ. P. 56(f) and to compel discovery, and dismissing the case without prejudice and remanding to the Special Hardship Appeal Committee. The district court held that plaintiff had not exhausted his administrative remedies, but that defendants failed to give plaintiff notice of the available administrative remedies as required by 29 U.S.C. Sec. 1133 and the regulations promulgated thereunder, 29 C.F.R. Sec. 2560.503-1(f). The court therefore adopted plaintiff's suggestion (to which defendants posed no objection) that the matter be remanded to the SHAC "for a consideration of the appropriate retirement date, a decision which is to be reached only after Plaintiff has been given the opportunity to be heard." J.A. 486. On appeal, plaintiff argues that because he exhausted his administrative remedies after his claim for benefits had been denied and prior to filing suit, he should not be required to exhaust at this juncture even though his current contention is that the SHAC improperly calculated the amount of his benefits.
 
 
 2
 After studying the record and the briefs of the parties, as well as the relevant law, we are satisfied that the the district court decided correctly that plaintiff had failed to exhaust his administrative remedies and that remand to the SHAC was a suitable remedy. We would add only that after the SHAC reconsiders plaintiff's claim, he must present any remaining objections to the Board of Trustees in accordance with the procedures outlined in the Dutchak-Sullivan settlement agreement before pursuing any further judicial remedies.
 
 
 3
 Accordingly, the judgment of the district court is AFFIRMED for the reasons stated in its March 22, 1994 memorandum opinion.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation